IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 23-cv-1296-DWD |
| | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's Motion for Relief under Federal Rule of Civil Procedure 54(b). (Doc. 76). In the Motion, Plaintiff argues that this Court erred in the September 1, 2023, Order on Plaintiff's Motions to Supplement (Doc. 42) and Compel (Doc. 55). Defendant responded (Doc. 77) and Plaintiff replied (Doc. 78). For reasons explained here, Plaintiff's Motion will be denied.

## Background

Plaintiff initiated this lawsuit by filing his complaint on May 27, 2021, in the District of Columbia. *Hale v. Morris, et al.*, Case No. 21-cv-1469 (D.C. D. Ct.). Defendants moved to dismiss some of Plaintiff's claims, and the Court ultimately granted the motion in part and dismissed Claims III and IV of Plaintiff's original complaint. (Docs. 28, 29). Plaintiff moved for reconsideration of that ruling under Federal Rule of Civil Procedure 59(e). (Doc. 30). In a reply concerning his motion for reconsideration, Plaintiff argued that reconsideration was also warranted under Federal Rule of Civil Procedure 54(b).

(Doc. 37). Ultimately, the D.C. District Court denied Plaintiff's Motion to Reconsider. (Doc. 38). Plaintiff then moved to supplement his complaint (Doc. 40), but his motion was denied for failure to follow the Local Rules. Plaintiff filed a renewed Motion to Supplement (Doc. 42). On January 10, 2023, the defendants moved to transfer the case to this District (Doc. 43), and after briefing, the Court granted that request on April 3, 2023 (Doc. 49). At the time of transfer, Plaintiff's Second Motion to Supplement (Doc. 42) remained pending.

Upon receipt of the case, nothing immediately transpired. On August 14, 2023, Plaintiff moved to compel an answer from Defendant (Doc. 55), and on August 21, 2023, counsel appeared on Plaintiff's behalf (Doc. 56). On September 1, 2023, the Court issued the Order that is the subject of the present motion. (Doc. 58). The Court gave an overview of the case, and indicated that the Order amounted to an initial review of the complaint under 28 U.S.C. § 1915A. At the time of transfer, the operative claims were Claims 1, 2, and 5, which the Court noted in the Order. The Court also reviewed Plaintiff's Motion to Supplement (Doc. 42) that sought to add Claims 6-9 but did *not* seek to reinstate claims 3, 4. Ultimately, the Court indicated Plaintiff would proceed on the claims from the original complaint as they arrived on transfer (Claims 1, 2 and 5), and that Plaintiff may also proceed on Claims 6-9. The Order did not include a legal analysis of the sufficiency of Claims III and IV. At the end of the Order, the Court stated, "the Clerk of Court is DIRECTED to TERMINATE Defendants Michael Collis and the Counterterrorism Unit from the docket sheet because they were dismissed from this case by earlier ruling on the Motion to Dismiss at docket entries 28 and 29." (Doc. 58 at 6).

The case proceeded to dispositive motions on the exhaustion of administrative remedies, the Court denied the Defendant's dispositive motion on that issue, and on April 19, 2024, the Court issued a merits discovery schedule. Plaintiff's Motion (Doc. 76) was filed September 29, 2024.

### Plaintiff's Motion to Reconsider (Doc. 76)

Plaintiff argues that this Court should grant relief under Rule 54(b) because when it "approved the D.C. District Court's prior dismissal of Counts III and IV of Plaintiff's complaint" it placed reliance on Tenth Circuit precedent concerning the Religious Freedom Restoration Act (RFRA) and the Free Exercise Clause that is inconsistent with the Seventh Circuit's own precedent. (Doc. 76 at 5-6). Plaintiff argues that by relying on a decision grounded in precedent that does not align with the Seventh Circuit's standards, this Court has now created dissonance between this case and others in the Seventh Circuit. Plaintiff then delves into arguments about the inappropriateness of the prior District Court's dismissal of Claims III and IV on claim preclusion grounds. Plaintiff argues res judicata should not have been applied because the facts of Claims III and IV were meaningfully different from his prior litigation. In making these arguments, Plaintiff again delves deep into the various precedent and substantive legal standards that he argues should have been applied to his claims, which he claims also would have demonstrated that res judicata was inappropriate. Among these arguments, Plaintiff contends that one of his prior cases used as a basis for res judicata was also rooted in the Tenth Circuit's precedent, which is different than the Seventh Circuit's precedent. In conclusion, Plaintiff faults this Court for "its Sec. 1915A review, [that] dismissed Counts

III and IV of Plaintiff's complaint alleging violation of his First Amendment Free Exercise rights and his rights under RFRA." (Doc. 76 at 18).

In response, the Defendant argues that Plaintiff's motion is an improper fourth attempt to present the exact same claims that have been rejected by prior courts. Defendant argues the claims were first rejected in a decision from a District Court in Colorado that was affirmed by the Tenth Circuit in 2019.[1] *See Hale v. Fed. Bureau of Prisons*, 759 Fed. App'x 741 (10th Cir. 2019), *Hale v. Fed. Bureau of Prisons*, 140 S.Ct. 196 (2019) (certiorari denied). Plaintiff's claims were then rejected a second time in this very litigation by the D.C. District Court, they were rejected for a third time when Plaintiff sought reconsideration of that decision in the D.C. District Court, and Plaintiff is now seeking reconsideration for a fourth time. Defendant argues that under the standards of Rule 54(b) or 59(e), Plaintiff has not carried his burden to establish a manifest error in this case or newly discovered facts that demonstrate a legal error. Defendant argues that this Court did not actually make a ruling of legal substance to be challenged in the September 1, 2023, Order when it simply acknowledged that Plaintiff's claims had been previously dismissed. (Doc. 77 at 5). Defendant also argues Plaintiff has not demonstrated a sufficient basis to rehash prior rulings in this case, and the law of the case doctrine should be considered in this context when these issues have already been considered in this case. This is especially so because the D.C. District Court considered and rejected Plaintiff's contention that it should not follow the Tenth Circuit precedent because precedent in the

---

[1] This District Court decision and Tenth Circuit decision have been referred to as *Hale II* in this litigation, so the Court will adopt the same nomenclature here.

D.C. Circuit and in the Seventh Circuit (where he resided) would dictate a different outcome. (Doc. 20 at 17-18; Doc. 29 at 11-12). In sum, Defendant contends Plaintiff's motion is an improper attempt to rehash arguments that have already been considered in this litigation. (Doc. 77 at 7).

In reply, Plaintiff argues that under Rule 54(b) or 59(e) reconsideration is appropriate because there was a prior manifest error of law via the use of unfavorable precedent from the Tenth Circuit. (Doc. 78 at 1-2). Plaintiff contends the law of the case doctrine is informal and ambiguous, and it should not be applied where prior decisions were clearly erroneous. Finally, he contends that Defendant's argument ignores many of the major substantive contentions he presented in his motion. (Doc. 78 at 3-4).

## Analysis

Plaintiff's Motion has two components. First, he argues that this Court erred in the September 1, 2023, Order of initial review when it elected to "dismiss" Claims III and IV of his complaint during the initial review under 28 U.S.C. § 1915A. (Doc. 76 at 18). Second, he argues that the D.C. District Court erred earlier in his case when it ruled on motions to dismiss finding that Claims III and IV were barred by claim preclusion.

As to Plaintiff's contention that this Court legally erred in the September 1, 2023, Order, this argument is unpersuasive. The September 1, 2023, Order, did not contain any error of law with respect to Plaintiff's former Claims III and IV because that Order took no legal action at all on those claims. Plaintiff argues that the undersigned erred because if Claims III and IV had been considered during the §1915A review, and if the Court had applied Seventh Circuit precedent, it would have allowed the claims to proceed.

Whatever merit this theory may have, it is simply a hypothetical about what might have happened had no claims been dismissed prior to the transfer of this case.

When Plaintiff's case arrived in this Court, the operative complaint had already been narrowed to Claims 1, 2, and 5. He had a pending Motion to Supplement wherein he sought to add new claims, but he did not file anything seeking to reinstate old claims. In writing the September 1, 2023, Order, this Court merely documented the state of the case as it arrived, noted that prior claims and parties had already been dismissed, and directed the Clerk of Court to update the docket sheet to accurately reflect what had already occurred in the prior orders from the D.C. District Court at Documents 28 and 29. Given that this Court did not take any legally substantive action on Claims III and IV in the September 1, 2023, Order, there is no basis to argue that the undersigned committed legal error.

To the extent that Plaintiff is now attempting to use his Rule 54(b) Motion to re-attack the substantive legal merit of the D.C. District Court's rulings at Documents 28 and 29, the Court is also unpersuaded by this line of reasoning. The D.C. District Court's rulings on Claims III and IV were rooted in a claim preclusion analysis, tied to the contention that Plaintiff had previously presented and lost Claims III and IV in prior litigation before the Tenth Circuit, and that the Supreme Court refused further review of that loss rooted in Tenth Circuit precedent . (Doc. 29 at 7, 11-12). In the claim preclusion analysis, the Court referenced claim preclusion precedent from the D.C. District Court and from the D.C. Circuit Court of Appeals. (Doc. 29 at 8-12).

Plaintiff argues that the D.C. District Court committed a *factual* error in its claim preclusion analysis when it determined that claims from his *Hale II* litigation stemmed from the same factual nucleus as Claims III and IV in this litigation. Claim III in this lawsuit was framed as a First Amendment Free Exercise violation for the defendants: restrictions on Plaintiff's mail that referenced Creativity (and mail that did not reference Creativity); their labeling of Creativity as a security threat group instead of treating it as a religion; and their refusal to provide a Creativity-based religious diet. (Doc. 1 at 7-9). Claim IV asserts that the defendants violated RFRA by preventing Plaintiff from discussing or alluding to Creativity in his correspondence, which he claims substantially burdens his free exercise of his religion and is not narrowly tailored to a compelling interest of the defendants. (Doc. 1 at 9-10).

Plaintiff is asking this Court to reconsider the claim preclusion ruling, and to reach a different outcome, despite there being no new legal or factual developments from the time when the D.C. District Court considered the issue until now. This is where the law of the case doctrine appropriately comes into play. The Seventh Circuit has described this doctrine as reflecting "the rightful expectation of litigants that a change of judges mid-way through a case will not mean going back to square one." *See Best v. Shell Oil Co.*, 107 F.3d 544, 546 (7th Cir. 1997). The Seventh Circuit has also explained explicitly in the context of an inmate-filed civil rights case that when one judge of the same hierarchical level receives a case on transfer from another judge of the same stature, "[g]enerally speaking, the successor judge should not reconsider the decision of a transferor judge." *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005).

In *Brengettcy* the original District Court Judge denied a motion to dismiss on the issue of exhaustion of administrative remedies, and a District Court Judge who received the case as a transfer then granted summary judgment on the issue of exhaustion. The Seventh Circuit reasoned that even though additional evidence was available at summary judgment, nothing showed that the original judge's ruling was unreasonable or was unsettled by new compelling evidence. Thus, it concluded the motion for summary judgment should not have been granted, and it remanded the case. The Seventh Circuit has also explained that the law of the case doctrine is not rigid and does not prohibit judges from revisiting prior decisions. *See e.g., Flynn v. FCA US LLC,* 39 F.4th 946, 953 (7th Cir. 2022). In *Flynn* a District Judge made multiple rulings early in a case on standing, and then after he retired a second District Judge of the same District ruled differently on standing at the motion for summary judgment phase of the case. The Seventh Circuit reasoned that this change in position in the case from one District Judge to another was reasonable and did not offend the law of the case doctrine because the first District Judge to make standing rulings made facial rulings based just on the pleadings, whereas the second District Judge assessed standing with the benefit of discovery and a full substantive record.

In this matter, Plaintiff is asking the undersigned to alter a ruling by another District Judge based upon the exact same record and information that was available at the time the first judge ruled. There is no compelling reason for this Court to unsettle a thoroughly reasoned decision on identical legal and factual issues made by a fellow District Judge. Plaintiff characterizes the earlier ruling in this case as a "factual error" in

the claim preclusion analysis about the factual similarity between *Hale II* and Claims III and IV in this case, but the request for reconsideration is even less compelling with an alleged factual error than it would be with a legal error.  As any good lawyer or jurist knows, there is no end to a debate about what a set of facts may mean, and the claim preclusion debate in this case could go on in perpetuity.

Even if the Court did not rest on the law-of-the-case doctrine, it has reviewed the claims as presented in *Hale II* and in this case, and it cannot definitively say that an error was made in this case.  In *Hale II*, the Tenth Circuit considered RFRA, Free Exercise, and Free Speech claims about restrictions on Plaintiff's correspondence with outsiders about Creativity, and restrictions on incoming or outgoing correspondence about security threat groups (Creativity was considered a security threat group by the BOP in *Hale II*).  It also considered Plaintiff's access to a religious diet under the First Amendment and RFRA.  *Hale v. Federal Bureau of Prisons*, 759 Fed. App'x 741, 746 (10th Cir. 2019).  Plaintiff contends in the present Motion that *Hale II* was different from the present suit because in *Hale II* he actually complained about two discrete periods (July 2010-January 2011 and January 2013-August 2013) of restrictions on <u>all</u> access to his mail, and not just denial of Creativity related correspondence.  (Doc. 76 at 12).  Although Plaintiff's original underlying complaint in *Hale II*, may have been so limited, as the case made its way through the Courts, the discussion was clearly not so limited.  The District Court in *Hale II*, explicitly discussed if the case was so limited when it was asked to consider if Plaintiff had standing to continue the case after the two periods of total restriction had been lifted, and concluded that it would continue the case and its analysis because though Plaintiff

was under different restrictions, he still had mail restrictions related to Creativity in 2018 at the time the Court prepared its decision on summary judgment, and injunctive relief related to those restrictions could still be granted to modify continuing restrictions on Creativity correspondence.  *Hale v. Federal Bureau of Prisons*, 2018 WL 1535508 at *3 (D. Colo. Mar. 28, 2018).

The *Hale II* District Court went on to analyze the restrictions on Plaintiff's mail concluding that *even if* Creativity was a religion, restrictions on Plaintiff's mail related to Creativity were narrowly tailored and were justified by a compelling government interest.  *Id.* at *11-15.  The Tenth Circuit Court of Appeals acknowledged this conclusion, *Hale v. Federal Bureau of Prisons*, 759 F3d. App'x 741, 749 at n. 6 (10th Cir. 2019), and the Supreme Court denied certiorari for *Hale II*, *Hale v. Federal Bureau of Prisons*, 140 S.Ct. 196 (Oct. 7, 2019).  The D.C. District Court closely considered if there was a distinction between the *Hale II* claims and Plaintiff's new Claims III and IV and concluded that there was not.  Plaintiff maintains that *Hale II* was factually dissimilar, and that the legal framework applied to his current claims would be different than that applied in *Hale II*, but the *Hale II* Court actually discussed the framework Plaintiff calls for now, and the more lenient *Turner* framework.  By arguing that the legal frameworks might be different, Plaintiff is trying to pave a new path for this case outside the bounds of claim preclusion, but as he acknowledged claim preclusion is about factual similarity and privity of parties, not legal similarity.

He further argues that even if claim preclusion appeared to be appropriate for this case, it should not have been applied because there are different legal standards that were

applicable to his claims in the Tenth Circuit in comparison to those that would apply in the Seventh Circuit. This argument is a non-starter. Plaintiff filed this case in the D.C. District Court and claim preclusion was assessed in the D.C. District Court. If anything, he would need to argue that differences in the D.C. Circuit's precedent dictated a different outcome, not that differences between the Seventh and Tenth Circuit's mandated a different outcome. Additionally, in his Motion to Reconsider the dismissal of Claims III and IV, he explicitly asked the D.C. District Court to consider if it would alter its analysis based on the Seventh Circuit's standards for his claims, and that argument was rejected. As such, Plaintiff's claim preclusion spin-off argument about the divergence between the Seventh and Tenth Circuit's does not get him anywhere in reviving these claims. The D.C. District Court appropriately addressed this by indicating that if shopping for different more favorable jurisdictions could avoid claim preclusion problems, then claim preclusion would be defeated. (Doc. 29 at 12).

Plaintiff also argues that the undersigned "has ruled that his religion, Creativity, is not, in fact, a religion." This statement mischaracterizes the record. The undersigned has made no such ruling because no substantive ruling was made at all in this case about Claims III and IV since the case has been transferred.

Finally, it is worth mentioning a plaintiff is always the master of his own complaint, and if Plaintiff believed he had new and different claims, that had a higher likelihood of success under different legal standards that exist in the Seventh Circuit, then he should have initiated this lawsuit in the Seventh Circuit in the first place. He was housed in a prison here at the time he filed and thus if could have filed here in the first

instance. By the time transfer to the Seventh Circuit was raised by defendants, he had already argued for the application of Seventh Circuit precedent to his case (Docs. 30, 37). Despite these arguments, he resisted the transfer. Yet, when the case was transferred he is now trying to use the transfer as another opportunity to rehash issues that were already settled in this case. This kind of gamesmanship wastes judicial resources.

For all of the foregoing reasons, Plaintiff's Motion (Doc. 76) is **DENIED**.

**IT IS SO ORDERED.**

**Dated**: January 15, 2025

DAVID W. DUGAN
United States District Judge